UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAEED ABEDINI and<br>ZIBANDEH ABEDINI GALANGASHY,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE<br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Civil Action No. 18-588 (JEB) |

**MEMORANDUM OPINION**

The Foreign Sovereign Immunities Act lays out a detailed statutory scheme for effecting service of process on a foreign state. On July 2, 2019, given some concerns apparent on the docket, this Court ordered Plaintiffs to show cause as to why they have complied with that scheme. They replied by sharing new service-related facts with the Court, which disclose a messy but proper course of service under the Act. They may thus proceed in their effort to obtain a default judgment.

**I.     Background**

Plaintiffs Saeed Abedini and his sister Zibandeh Abedini Galangashy filed suit against Defendant Islamic Republic of Iran on March 16, 2018. See ECF No. 1. Alleging that Mr. Abedini was taken hostage by Iran and tortured for more than three years, they seek compensatory and punitive damages. Id., ¶¶ 37–64. After Plaintiffs attempted service as described below, Defendants failed to appear and the Clerk entered a default on December 10, 2018. See ECF No. 14. Plaintiffs then moved for default judgment on April 5, 2019, see ECF No. 17, and the Court set an evidentiary hearing for July 12. See May 14, 2019, Minute Order.

1

In preparing for that hearing, the Court noticed a possible issue with the manner in which Plaintiffs attempted to serve Iran. Seeking more information on this question, the Court on July 2, 2019, issued a Show Cause Order and vacated the hearing. See ECF No. 19. Plaintiffs responded on July 5, 2019, with significant added detail on their attempts at service, including email correspondence with an attorney at the State Department. See ECF No. 20 (Response to Show Cause Order) & Exh. 2 (State Emails).

## II.     Analysis

### A.  Law of Service

The Foreign Sovereign Immunities Act is the "sole basis for obtaining jurisdiction over a foreign state in our courts." Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434 (1989). Under the Act, "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which subject matter jurisdiction exists . . . so long as the defendant was properly served." I.T. Consultants, Inc. v. Islamic Republic of Pakistan, 351 F.3d 1184, 1191 (D.C. Cir. 2003) (internal quotation marks and citation omitted).

The Act lists, "in hierarchical order," four methods for serving a foreign state. Republic of Sudan v. Harrison, 139 S. Ct. 1048, 1054 (2019). The summons and complaint may be delivered, first, "in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision," 28 U.S.C. § 1608(a)(1), or, second, "in accordance with an applicable international convention on service of judicial documents." Id., § 1608(a)(2). If the countries lack such agreements, defendants may be served through a third method, which involves sending the requisite documents "by any form of mail requiring a signed receipt . . . to the head of the ministry of foreign affairs of the foreign state concerned." Id., § 1608(a)(3). And "if service cannot be made within 30 days" under that method, plaintiffs may resort to method

four: sending the requisite documents to the Secretary of State for transmittal "through diplomatic channels to the foreign state." Id., § 1608(a)(4); see also Harrison, 139 S. Ct. at 1054.

The D.C. Circuit has explained that "a plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." Angellino v. Royal Family Al-Saud, 688 F.3d 771, 773 (D.C. Cir. 2012) (internal quotation marks and citation omitted). Indeed, regarding the fourth method, the Court of Appeals has specified that "a plaintiff can serve the appropriate documents through the Department of State" only "if none of the first three methods works." Barot v. Embassy of the Republic of Zambia, 785 F.3d 26, 27 (D.C. Cir. 2015); see also Azadeh v. Gov't of Islamic Republic of Iran, 318 F. Supp. 3d 90, 101 (D.D.C. 2018); Estate of Hirshfeld v. Islamic Republic of Iran, 235 F. Supp. 3d 45, 48 (D.D.C. 2017). These requirements are jurisdictional and strictly construed. See Barot, 785 F.3d at 27 ("When serving a foreign sovereign, strict adherence to the terms of 1608(a) is required.") (internal quotation marks and citation omitted); Azadeh, 318 F. Supp. 3d at 100 ("[W]ith respect to serving a foreign state under section 1608(a), a near miss is still a miss.") (citation omitted); cf. Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]his Court has no authority to create equitable exceptions to jurisdictional requirements.").

The Court issued its Show Cause Order because it was not certain Plaintiffs had met those requirements. Their sequencing did not seem to be in "strict adherence" to the terms of the statute, which greenlights transmitting documents to the State Department for diplomatic service only after a plaintiff has attempted service under § 1608(a)(3). See Barot, 785 F.3d at 27. Plaintiffs have now responded to the Show Cause Order with significantly more detail, which the Court now examines.

3

B. Discussion

Plaintiffs face no hurdles regarding methods one and two, as Iran lacks a service arrangement with Plaintiffs and is not party to an applicable legal convention. See Dep't of State, Bureau of Consular Affairs, Service of Process, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (last visited July 10, 2019, 11:20 AM) (discussing international service conventions); Hague Conf. on Private Int'l Law, Status Table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited July 10, 2019, 11:20 AM) (showing Iran not signatory to Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters).

Yet, rather than try method three, Plaintiffs skipped right to method four. On April 26, 2018, they transmitted their documents to the State Department for diplomatic service under § 1608(a)(4) — without first attempting service by mail under § 1608(a)(3). See ECF No. 5 (Certificate of Transmittal Pursuant to 28 USC § 1608(a)(4)). Only after corresponding with the State Department did Plaintiffs try service by mail on May 14, 2018, more than two weeks after seeking diplomatic service. See State Emails at 002; ECF No. 7 (Affidavit Requesting Mailing Pursuant to 28 U.S.C. § 1608(a)(3)). That sequence would appear to doom their chances here.

Plaintiffs, however, were not finished. They properly re-initiated the § 1608(a)(4) process on July 12, 2018. On July 11, a lawyer at the State Department spoke with, and subsequently emailed, Plaintiffs' counsel. The State lawyer informed Plaintiffs' counsel that counsel should mail the Summons, proof of attempted § 1608(a)(3) service, and the service fee directly to the State Department. See State Emails at 017. Plaintiffs did so the next day. Id. at 020; see also Response to Show Cause Order, Exh. 3 (July 12, 2018, Cover Letter). The State

4

Department lawyer confirmed receipt over email, writing that "[e]verything looks good." Id. at 024. At that point, State already possessed the other necessary service documents from Plaintiffs' prior § 1608(a)(4) service request — namely, copies of the Complaint, notices of suit, and translations of the documents. Id. at 002–003; Response to Show Cause Order at 2. State then transmitted the proper papers to Iran through the Swiss Embassy in Tehran on October 1, 2018. See ECF No. 9 (Service Affidavit) at 1.

This July 12 supplemental transmittal to the State Department is sufficient to put Plaintiffs in compliance with the service requirements of § 1608(a). That transmittal came more than 30 days after they had attempted service under § 1608(a)(3) on May 14. See Affidavit Requesting Mailing Pursuant to 28 U.S.C. § 1608(a)(3). It included a proper Summons and proof of attempted § 1608(a)(3) service, and State was already in possession of the other requisite documents. See State Emails at 017, 024. Although the statute refers to sending a series of documents to the State Department — a summons, complaint, notice of suit, and translations — the Court sees no reason here to require that all those documents be sent together, particularly given that a State lawyer had asked for only a subset. Id. at 017 (requesting Plaintiffs re-send only certain documents). Similarly, the Court finds the State attorney's email sufficient confirmation of mail receipt for purposes of § 1608(a)(4). Id. at 024. Plaintiffs' second transmittal therefore completed the requirements of § 1608(a)(4), and Defendant was properly served on October 1, 2018. See Service Affidavit at 1; 28 U.S.C. § 1608(c)(1).

III. Conclusion

The Court appreciates the complexity involved in serving an uncooperative foreign sovereign and understands Plaintiffs' desire for an expeditious resolution to this litigation. In the

5

future, counsel may maximize efficiency by ensuring that they include all relevant information in their briefing and on the docket.

For these reasons, the Court will find that Plaintiffs have successfully accomplished service on Iran effective October 1, 2018. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 11, 2019